UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Criminal No. 16-40033-TSH |
| ) | |
| STEPHEN MANTHA, ) | |
| ) | |
| Defendant ) | |
| ) | |

## **FINDINGS AND ORDER ON DEDFENDANT'S MOTION TO SUPPRESS**

### INTRODUCTION

The Defendant Stephen Mantha ("Mantha") is charged with sexual exploitation of a child in violation of 18 U.S.C. 2251(a), access with intent to view child pornography in violation of 18 U.S.C. 2252(a)(5)(B), and with possession of child pornography in violation of 18 U.S.C. 2252(a)(5)(B). He has moved to suppress from the introduction into evidence against him at trial, all evidence obtained as the result of a search of his home that was conducted pursuant to a search warrant on September 21, 2016. For the reasons set forth below the Defendant's Motion is denied.

### BACKGROUND

In July 2015, investigators from the United States Postal Service began an investigation into a postal service employee who was assigned an employee username of "XQ8PC0". The possessor of that username was suspected of having conducted searches for child pornography on the

postal service network.  That username was assigned to the defendant Mantha.  Internet log activity indicated that between February 2015 and May 2015 searches for child pornography at a particular workstation at the United States Postal Service facility in Shrewsbury, Massachusetts had been conducted by that username.

In August of 2015, a computer activity recorder was installed on that computer which revealed that from August 14, 2015 to November of 2015, numerous websites depicting pre-teen, nude, female children were accessed by the defendant Mantha.  In January of 2016, investigators installed video recording equipment which directed a camera at the computer where Mantha was conducting searches for child pornography.  Between February 5, 2016 and May 10, 2016 Mantha was observed on camera, and by a special agent for the United States Postal Service, viewing child pornography on at least eight occasions.  In addition, review of data captured by the computer monitoring software revealed that Mantha continued to search for internet sites likely to contain images of nude children through September 7, 2016.

On September 19, 2016 the United States Postal Service applied for, and received a search warrant for Mantha's personal residence.  That search revealed an extensive child pornography collection and a video tape in which Mantha is masterbating a pre-pubescent boy.  Mr. Mantha seeks to suppress the evidence seized at his personal residence.

DISCUSSION

The defendant argues that the affidavit in support of the application for the search warrant lacks any factual allegations that would establish a nexus between the Defendant's conduct at work and the presence of the fruits of criminal conduct at his home.  Quite simply, the defendant argues that it was unreasonable for the issuing Magistrate Judge to infer that an individual who

accessed child pornography via the internet a work, would access child pornography at home. The Government argues that the affidavit in support of the search warrant established that Mantha utilized the internet to seek out and view child pornography while at work, had done so extensively over a significant period of time, and that he had internet access at home.  Further, the affiant/postal inspector related that, in his experience, it was reasonable that individuals who seek out materials depicting the sexual exploitation of children would be accessing child pornography from their home computer.[1]   *United States v. Clark, 668 F.3rd 934 (7th Cir. 2012)* and *United States v. Watzman, 486 F.3rd 1004, 1008, (7th Cir. 2007).*  "an issuing judge may reasonably assume that a recipient or collector of child pornography, would store that content in his home," *United States v. Clark, supra @ 943.*

   The affiant supplies ample information that the defendant was a dedicated and persistent child pornography viewer.  Further, at considerable personal risk the defendant accessed the materials on a workstation that he knew was monitored by his employer.  The affiants training, background, and experience investigating child pornography for several law enforcement agencies is detailed in the affidavit.  Also detailed in the affidavit are references made by the affiant that ". . . individuals who repeatedly access and view child pornography by means of computer will do so on any available computer.  Such individuals will not limit such activities to, for example, a workplace computer, but will seek out and view such images on home computers as well".  (Affidavit in support of application for search warrant.  Paragraph 29)

---

[1] *"Based upon my training and experience, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure, and private environment, such as a computer and surrounding area. These child pornography images are often maintained for several years and are kept close by, usually at the possessor's residence, inside the possessor's vehicle, or, at times, on their person, to enable the individual to view the child pornography images, which are valued highly. . ."* (Affidavit of S.A. Brian Martineau in support of application for search warrant, paragraph 31).

The affiant also adds that such individuals almost always possess and maintain their hard copies of child pornographic material . . . in the privacy and security of their home or some other secure, yet easily accessible, location. . . .  (Affidavit paragraph 30).

I find that it is reasonable to infer from Defendant's workplace conduct that there was more than a fair probability that child pornography would be found in his home and that special agent Martineau's affidavit does establish the requisite probable cause to believe the defendant had pornographic material on an unmonitored computer in his own home.  Accordingly, I deny the defendant's Motion to Suppress.

TIMOTHY S. HILLMAN
*/s/ Timothy S. Hillman*
District Judge